IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BUENAVENTURA GUZMAN ESCOBAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 95-122-A |
| ) | CIVIL ACTION NO. 04-1166 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Buenaventura Guzman Escobar's Petition to Vacate, Set Aside, and Correct her sentence pursuant to 28 U.S.C. § 2255. For reasons set forth below, the Court will deny the petition.

### **I. Background**

Petitioner Buenaventura Guzman Escobar was charged by criminal information with one count of uttering counterfeit obligations of the United States, in violation of 18 U.S.C. § 472. On March 14, 1995, Escobar entered a plea of guilty to the single count charged in the criminal information. She was released on a personal recognizance bond with pre-trial supervision. However, later the Pretrial Services Office determined that Petitioner had fled; a warrant was issued for her arrest, which was executed on January 28, 2004. On February 6,

2004, this Court sentenced her to fifteen months of imprisonment and three years of supervised release.

On September 30, 2004, Petitioner filed this motion to vacate, set aside, and correct her sentence pursuant to Section 2255 of Title 28.  On February 24, 2005, Petitioner was released from the custody of the Federal Bureau of Prisons.  Because Petitioner was still in custody at the time she filed her 2255 motion, the motion is not moot.  *See United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 498, 490-92 (1989) ("The fact that custody expires after the habeas action is filed is irrelevant.")).

Petitioner alleges that she was incorrectly sentenced under the mandatory Sentencing Guidelines regime that existed before the Supreme Court rendered its decisions in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II. Analysis

Petitioner alleges that the Court increased her Sentencing Guideline range eight levels, pursuant to Section 2B1.1, in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the Court, rather than the jury, found the facts giving rise to the increase.  Petitioner also appears to argue that the Court

found that she was entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1, but did not reduce her offense level accordingly.

Contrary to Petitioner's assertions, the base level for the charged offense was not six, nor did the sentence include an eight point increase to her offense level pursuant to Section 2B1.1 of the United States Sentencing Guidelines.  Under the 1995 Sentencing Guidelines, the base offense level was nine.  U.S.S.G. Manual § 2B5.1 (1995).  She received a three-level increase because the loss exceeded $10,000.  *Id.* at § 2F1.1(b)(1)(D).  She also received a two-level increase for obstruction of justice because she willfully failed to appear, as ordered, for sentencing.  *Id.* at § 3C1.1, cmt. n.3(e).  Thus she received a five-level increase, putting her at an offense level of fourteen.

Petitioner also argues that she was entitled to a three point reduction for acceptance of responsibility, but did not get that reduction.  However, she failed to appear for sentencing and received an enhancement for obstruction of justice as a result; accordingly, she was not entitled to a reduction for acceptance of responsibility.  *See id.* at § 3E1.1, cmt. n.4.

With a criminal history category of I, the imprisonment range for an offense level of fourteen was fifteen to twenty-one months of imprisonment.  *Id.* at § 5A Table.  Petitioner was

sentenced to fifteen months of imprisonment, within the appropriate range.

Since Petitioner filed this motion, the Supreme Court has rendered a decision in *United States v. Booker*, 125 S.Ct. 738 (2005), addressing the issues Petitioner believes are raised by *Blakely* and *Apprendi*.[1]  However, none of these cases constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255; *see Teague v. Lane*, 489 U.S. 288, 305-10 (1989) (adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review).  The Supreme Court has explained:

> [T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive.  The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Tyler v. Cain*, 533 U.S. 656, 663 (2001).

In *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001), the Fourth Circuit held that the rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the

---

[1] In *Booker*, the Supreme Court reaffirmed its "holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 125 S.Ct. at 756 (2005).

general rule stated in *Teague*. Likewise, neither *Blakely* nor *Booker* apply retroactively on collateral review. *See Booker*, 125 S.Ct. at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review"); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (deciding that these new rules of criminal procedure are "not available for post-conviction relief for federal prisoners, like [Petitioner], whose convictions became final before *Booker* (or *Blakely*) was decided"). Thus, the rules enunciated in these decisions are inapplicable to Petitioner's case.

### III. Conclusion

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied. An appropriate Order will issue.

May _31_, 2006  _____/s/_____
Alexandria, Virginia                James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE